**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute_entries@phillipslaw.com

John L. Collins (AZ Bar # 030351)
johnc@phillipsdayeslaw.com
Trey Dayes (AZ Bar # 020805)
treyd@phillipsdayeslaw.com
Dawn M. Sauer (AZ Bar # 030271)
dawns@phillipsdayeslaw.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charrie Sternberger, a single woman, | No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY DEMAND** |
| Jonathan Gilleland and Carrie Gilleland, husband and wife, individually and doing business as Goldencrest Enterprises, Inc., and as Legal Consumer Aid; and Goldencrest Enterprises, Inc., a dissolved Nevada corporation, | |
| Defendants. | |

This is an action for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

//

---

Complaint and Demand for Jury Trial                                                    Page 1

## NATURE OF THE CASE

1.     Plaintiff Charrie Sternberger was discriminated against on the basis of her sex and wrongfully retaliated against and terminated after she complained of the sexual harassment and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

3.     The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

4.     Venue is proper under 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to the claims occurred in this District.

5.     On July 2013, Plaintiff timely filed her initial charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), charge No. 540-2013-02065, alleging, *inter alia*, sex discrimination and retaliation.

6.     On or about September 28, 2013, the EEOC issued Plaintiff a Notice of Right to Sue.

7.     Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII.

## PARTIES

8.     Plaintiff is and continues to be a resident of Maricopa County.

9.     Defendant Jonathan Gilleland is believed to be a resident of Maricopa County.

10. Defendant Carrie Gilleland is believed to be a resident of Maricopa County.

11. Defendant Goldencrest Enterprises, Inc., was a registered Nevada Corporation, but the status had been permanently revoked by the Nevada Secretary of State.

12. Defendant Legal Consumer Aid is an unknown entity.

13. Defendants John Gilleland and Carrie Gilleland were doing business as Goldencrest Enterprises, Inc., and as Legal Consumer Aid with a primary place of business 12436 North 28th Drive, Phoenix, Arizona 85029.

## GENERAL ALLEGATIONS

14. Defendants hired Plaintiff, a woman, as a Customer Service Representative (herein as "CSR") on or about April 16, 2013.

15. Defendants agreed to pay Plaintiff wages in the amount of $200.00 per week plus commission in the amount of $50.00 for each client she signed.

16. Defendants employed Ben Gates (herein as "Gates") as its Senior Account Supervisor.

17. Gates supervised and managed Plaintiff in her work as a CSR.

18. During the first week of Plaintiff's employment with Defendants, Gates began a daily pattern of unwanted sexual advances on Plaintiff that continued for the duration of her employment.

19. Gates made daily sexual statements to Plaintiff indicating that he wanted to have sexual intercourse with her.

20. Plaintiff reported the incident to Defendant Carrie Gilliland and was laughed at.

21. Defendant Carrie Gilliland further noted to Plaintiff, "that is just the way [Gates] is."

22. Defendant Carrie Gilliland did nothing to protect Plaintiff or to investigate Plaintiff's complaint of harassment.

23.     When a direct report to Defendant Carrie Gilliland—who Plaintiff understood to be the ultimate authority at Defendants' facility and to be Gates' supervisor—did not bring her any solace or relief from Gates' unwanted advances and improper conduct, Plaintiff submitted a complaint through Defendants' website.

24.     In response to the website submission, Defendant Carrie Gilliland promised to speak with Defendant Jonathan Gilliland about the harassment.

25.     Plaintiff was instructed to stay away from work so that Defendants could investigate the harassment.

26.     Defendants did not permit Plaintiff to return to work for two days during which Defendants claimed to have investigated the harassment.

27.     As a result of this suspension, Defendants denied Plaintiff the opportunity to work and to earn commissions while the harasser Gates continued to work and earn money.

28.     When Defendants finally permitted Plaintiff to return to work, Defendant Carrie Gilliland required that Plaintiff first meet with her.

29.     Defendant Carrie Gilliland presented Plaintiff with paperwork for her signature. But when Plaintiff attempted to read the documents, Defendant Carrie Gilliland took them away, refusing to allow Plaintiff to review the documents prior to signing.

30.     When Plaintiff asked what the documents were, Defendant Carrie Gilliland responded that they were to limit Defendants' liability for sexual harassment.

31.     Because Plaintiff refused to sign the unread documents, Defendants sent her home, refusing to allow her to work and to earn commissions.

32.     Plaintiff returned to work the following day and continued working for Defendants for approximately two weeks.

//

//

33.     During these two weeks, Defendants continued to request that Plaintiff sign the documents. And when Plaintiff refused to sign them, Defendants sent Plaintiff home, again denying her the opportunity to earn commissions.

34.     Other employees and CSRs who had not made sexual harassment complaints were permitted by Defendants to remain at work and to earn commissions.

35.     Plaintiff was consistently sent home early every day for this period of two weeks.

36.     On or about April 22, 2013, Defendants terminated Plaintiff's employment.

37.     Defendants never provided Plaintiff any payment for the work that she performed while working for Defendants.

**COUNT ONE**
**<u>SEX DISCRIMINATION</u>**
**<u>(Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*)</u>**

38.     Plaintiff incorporates and adopts paragraphs 1 through 37 above as if fully set forth herein.

39.     Defendants have discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII as a result of discriminatory and hostile work environment created by Gates and by each of the Defendants.

40.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)(1) provides in pertinent part, that it shall be unlawful employment practice for an employer:

> [T]o…discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, or national origin . . . .

41.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)(2) provides in pertinent part, that it shall be an unlawful employment practice for an employer:

> [T]o limit, segregate, or classify his employees…in any way which would deprive or tend to deprive any

individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's race, color, religion, sex, or national origin.

42.    Plaintiff is a female and a member of a protected class of individuals entitled to protection of Title VII.

43.    Defendants have engaged in unlawful discrimination and unlawful employment practices prohibited by 42 U.S.C. §§ 2000e-2(a)(1) & (2) including, but not limited to:

   a.   Treating Plaintiff less favorably than similarly situated male employees in the terms and conditions of her employment, including, but not limited to, the consistent sexual innuendos solely because of Plaintiff's sex, changing Plaintiff's work schedule without any notice, evaluating Plaintiff using a more rigorous or arbitrary standard, and terminating Plaintiff's employment; and

   b.   Creating a hostile work environment because of Plaintiff's sex, which was severe or pervasive to an extent that it substantially altered the terms and conditions of her employment.

44.    Plaintiff's sex was the sole or motivating factor in Defendants' treatment of Plaintiff.

45.    As set forth above, at all relevant times Plaintiff was treated less favorably than her male co-workers and was subject to continuing hostile work environment.

46.    As a direct result of the hostile work environment, Plaintiff has suffered mental and emotional distress, pain and suffering, anger, depression, anxiety, humiliation and embarrassment.

//

//

47.     By virtue of one, more, or all of the foregoing violations of Title VII as alleged above, Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

48.     By virtue of one, or all of the foregoing violations of Title VII as alleged above, Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages all of which she is entitled to recover from Defendants plus pre-judgment interest, attorneys' fees and costs.

49.     The actions of Defendants were done in reckless indifference to Plaintiff's federally protected rights, and Plaintiff is therefore entitled to recover punitive damages and exemplary damages.

50.     Plaintiff has retained the law firm of Phillips Law Group, P.C., to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, and against Defendants, as follows:

A. Awarding Plaintiff damages for her back pay, front pay, lost compensation and benefits, and other relief to be determined by the trier of fact;

B. Awarding Plaintiff economic and non-economic damages in an amount to be determined by the trier of fact;

C. Awarding Plaintiff special, incidental, and consequential damages in an amount to be determined by the trier of fact;

D. Awarding Plaintiff punitive and exemplary damages in an amount to be determined by the trier of fact;

E. Awarding Plaintiff pre-judgment and post-judgment interest;

F.  Awarding Plaintiff attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988, 2000e-5(k); and

G.  Awarding Plaintiff such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT TWO
## RETALIATION
## (Violation of Title VII, 42 U.S.C. § 2000-3(a))

51.    Plaintiff incorporates and adopts paragraphs 1 through 50 above as if fully set forth herein.

52.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides in pertinent part:

> [I]t shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by [Title VII] . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII] . . . .

53.    Plaintiff has opposed practices made unlawful by Title VII and/or participated or otherwise engaged in activities protected by Title VII so as to be entitled to the protection of Title VII for such activity, including, but not limited to, making oral and written internal complaints of unlawful discrimination and harassment.

54.    After Plaintiff engaged in activity protected by Title VII, including but not limited to, making internal complaints; Defendants engaged in unlawful retaliation and other unlawful employment practices prohibited by 42 U.S.C. §§2000e-3(a), including, but not limited to, one or more of the following acts or omissions:

//

      a.     Treating Plaintiff less favorably than similarly situated male employees in the terms and conditions of her employment, including, but not limited to, the consistent sexual harassment solely because of Plaintiff's sex;

      b.     Changing Plaintiff's work schedule without any notice;

      c.     Evaluating Plaintiff using a more rigorous or arbitrary standard; and

      d.     Terminating Plaintiff's employment.

55.    Plaintiff was retaliated against and ultimately terminated less than three weeks after she made an oral complaint to her supervisor regarding his unlawful discrimination and behavior.

56.    As a direct result of her complaint of unlawful discrimination, Plaintiff's employment was terminated.

57.    As a direct result of the retaliatory action by Defendants, Plaintiff has suffered damage to her career, mental and emotional stress, pain and suffering, anger, depression, anxiety, humiliation, and embarrassment.

58.    By virtue of one, more, or all of the foregoing violations of Title VII as alleged above, Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

59.    By virtue of one, more, or all of the foregoing violations of Title VII as alleged above, Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses, and monetary loss as well as non-economic damages, all of which she is entitled to recover from Defendants plus pre-judgment interest, attorneys' fees and costs.

60.    The actions of Defendants were done in reckless indifference to Plaintiff's federally protected rights, and Plaintiff is therefore entitled to recover punitive and exemplary damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, and against Defendants, as follows:

A.  Awarding Plaintiff damages for her back pay, front pay, lost compensation and benefits, and other relief to be determined by the trier of fact;

B.  Awarding Plaintiff economic and non-economic damages in an amount to be determined by the trier of fact;

C.  Awarding Plaintiff special, incidental, and consequential damages in an amount to be determined by the trier of fact;

D.  Awarding Plaintiff punitive and exemplary damages in an amount to be determined by the trier of fact;

E.  Awarding Plaintiff pre-judgment and post-judgment interest;

F.  Awarding Plaintiff attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988, 2000e-5(k); and

G.  Awarding Plaintiff such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT THREE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61.    Plaintiff incorporates and adopts paragraphs 1 through 60 above as if fully set forth herein.

62.    Defendants, individually and by their officers, agents, and employees, engaged in conduct that was both extreme and outrageous, including without limitation their harassment of Plaintiff, their laughter and derision at her complaints, their suspension of her employment after she made her complaints, their denial of her opportunities to work and earn commissions as a result of her refusal to sign unread documents potentially waiving her rights, and

//

terminating her employment in retaliation for exercising her rights and engaging in protected activity.

63.    Defendants, individually and by and through their officers, agents, and employees, intended to cause Plaintiff emotional distress or recklessly disregarded the near certainty that such distress would result from their conduct.

64.    As the direct and proximate result of Defendants' conduct, and the conduct of their officers, agents, and employees, Plaintiff suffered severe emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, and against Defendants, as follows:

A.  Awarding Plaintiff her general damages in an amount to be determined by the trier of fact;

B.  Awarding Plaintiff special, incidental, and consequential damages in an amount to be determined by the trier of fact;

C.  Awarding Plaintiff punitive and exemplary damages in an amount to be determined by the trier of fact;

D.  Awarding Plaintiff pre-judgment and post-judgment interest; and

E.  Awarding Plaintiff such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT FOUR
## NONPAYMENT OF WAGES

65.    Plaintiff incorporates and adopts paragraphs 1 through 64 above as if fully set forth herein.

66.    Defendants failed to pay Plaintiff "wages" as defined by A.R.S. § 23-350.

67.    On information and belief, Defendants' failures to pay Plaintiff's wages was willful, unreasonable, and in bad faith.

68.     Pursuant to A.R.S. § 23-355, Plaintiff is entitled to an award of treble the amount of wages unpaid.

69.     Pursuant to, *inter alia*, A.R.S. §§ 12-341.01, 23-364, Plaintiff is entitled to an award of her attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, and against Defendants, as follows:

A. Awarding Plaintiff her regular compensation in the amount due to her for all of her time worked for which Defendants have not paid Plaintiff;

B. Awarding Plaintiff treble the amount calculated pursuant to the preceding paragraph;

C. Awarding Plaintiff reasonable attorneys' fees pursuant to A.R.S. §§ 12-341.01, 23-364;

D. Awarding Plaintiff her costs and expenses reasonably incurred in this action;

E. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (A) and (B) above from the date of the payment due for that pay period until paid in full;

F. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

G. Awarding Plaintiff such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT FIVE
## DECLARATORY JUDGMENT

70.     Plaintiff incorporates and adopts paragraphs 1 through 69 above as if fully set forth herein.

71.     Plaintiff and Defendants have an employment and wage dispute pending.

//

---

72.     The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201–02.

73.     Plaintiff is entitled to declarations, and respectfully requests that the Court make declarations as the following matters and as to other matters deemed appropriate by the Court:

    a.  Plaintiff was an employee entitled to the protections of Title VII;

    b.  Defendants are employers subject to the requirements of Title VII;

    c.  Defendants employed Plaintiff;

    d.  Plaintiff is a member of a protected class;

    e.  Defendants, individually and by and through their officers, agents, and employees, discriminated against Plaintiff on the basis of her gender;

    f.  Plaintiff engaged in protected conduct when she reported improper sexual harassment and gender-based discrimination to Defendants;

    g.  Defendants, individually and by and through their officers, agents, and employees, retaliated against Plaintiff, took negative employment actions against Plaintiff, and ultimately terminated Plaintiff's employment as a result of her protected conduct and complaints of harassment;

    h.  But for Plaintiffs' reports of harassment, Defendants would not have taken negative employment action against Plaintiff or terminated her employment;

    i.  Defendants are liable to Plaintiff for compensatory, economic, non-economic, general, special, incidental, punitive, and other such categories of damages as a result of their willful, reckless, and intentional conduct;

    j.  Defendants are liable to Plaintiff for back pay, front pay, lost benefits, and other such measures of damages;

    k.  Defendants' conduct, individually and through their officers, agents, and employees, was extreme and outrageous;

l.   Defendants, individually and by and through their officers, agents, and employees, intended to cause Plaintiff emotional distress or recklessly disregarded the near certainty that such distress would result from their conduct;

m.  As the direct and proximate result of Defendants' conduct, and the conduct of their officers, agents, and employees, Plaintiff suffered severe emotional distress;

n.   Plaintiff is entitled to damages for Defendants' extreme and outrageous conduct causing her emotional distress;

o.   Plaintiff earned wages to which she was entitled to payment from Defendants;

p.   Defendants failed and refused to make payment to Plaintiff of these wages on the dates such payments were due;

q.   Plaintiff is entitled to treble the amount of unpaid wages pursuant to A.R.S. § 23-355; and

r.   Plaintiff is entitled to recover her costs and attorneys' fees incurred in this action.

74.   It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue and preventing future harm.

75.   The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

//

A.   Declaraing, pursuant to 28 U.S.C. § 2201, that the acts and practices complained of herein are in violation of Arizona and Federal law;

B.   Awarding Plaintiff her reasonable attorneys' fees and the costs and expenses of the litigation; and

C.   Awarding Plaintiff such other and further relief, pursuant to 28 U.S.C. § 2202, as the Court deems just and equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated:  November 18, 2013

Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

/s/ John L. Collins
John L. Collins
Arizona Bar No. 030351
Email: johnc@phillipsdayeslaw.com
Attorney for Plaintiff